FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

2016 SEP 29  A 8: 48

CLERK'S OFFICE
AT GREENBELT

BY_____DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

SANDRA FOWLER,                          *

     **Plaintiff,**                    *

                                                    **Case No.: GJH-15-1084**

**v.**                                   *

WELLS FARGO HOME MORTGAGE,               *
INC., et al.,
                                         *
     **Defendants.**
                                         *

\*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*  \*

### MEMORANDUM OPINION

Plaintiff Sandra Fowler ("Fowler" or "Plaintiff") brought this action against Defendants

Wells Fargo Home Mortgage, Inc. and Wells Fargo Bank, N.A. (collectively "Wells Fargo" or

"Defendants"), alleging that Defendants' failure to respond to Plaintiff's loan modification

applications violated federal and Maryland laws, and led to Plaintiff's inability to qualify for

mortgage relief opportunities. Fowler requests injunctive relief to stop the sale of her home, as

well as monetary damages. This Memorandum Opinion and accompanying Order address

Defendants' Motion to Dismiss, ECF No. 57. A hearing is unnecessary. *See* Loc. R. 105.6 (D.

Md. 2016). For the reasons stated below, Defendants' Motion to Dismiss is granted, in part, and

denied, in part.

### I.   BACKGROUND[1]

On March 30, 2006, Plaintiff purchased a home in Prince George's County, Maryland

---

[1] For the motion to dismiss, the well-pleaded allegations in Fowler's Second Amended Complaint are accepted as
true. *See Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993).

located at 2410 Moores Plains Boulevard, Upper Marlboro, Maryland, 20774. *See* ECF No. 55 ¶¶ 5, 13. Plaintiff paid $91,437.00 at closing and obtained two mortgages totaling $952,130.32 from Southern Trust Mortgage Company, Inc. ("Southern Trust") and Dennis Sullivan. *Id.* ¶ 21. Immediately after closing and the Plaintiff's first mortgage payment, Southern Trust transferred Plaintiff's mortgage to Wells Fargo.[2] *Id.* ¶ 27. Wells Fargo then sold Plaintiff's loan to a Mortgage Backed Security ("MBS"). *Id.* ¶ 28. In her Second Amended Complaint, Plaintiff alleges that Wells Fargo and Defendants named in Plaintiff's original Complaint engaged in a predatory lending scheme specifically targeting minorities "that would eventually strip minority buyers of their down payments, mortgage payments and ultimately their home." *Id.* ¶ 15.

On September 28, 2007, Plaintiff lost her job when the company where she was employed ceased operations. *Id.* ¶ 29. After exhausting $300,000.00 of her personal savings, Plaintiff fell behind on her mortgage payments. *Id.* ¶ 30. As a result, Plaintiff "made Application for Loan Modifications approximately 26 times to Defendant, Wells Fargo" and Defendants "grossly ignored its responsibility to respond." *Id.* ¶¶ 31, 68. Plaintiff alleges she submitted at least three completed loan modification applications in 2012, at least two completed applications in 2013, and at least five completed applications in 2015. *Id.* ¶¶ 34, 35, 38.

Plaintiff acknowledges receiving responses from Wells Fargo for two of her loan modification applications. On February 27, 2012, Wells Fargo sent Plaintiff a letter offering her a "piggy back" loan modification, which the Plaintiff rejected and argues was a ruse to cover Defendants' practice of making predatory loans. *Id.* ¶ 32. Additionally, on December 18, 2014, Plaintiff received a call from a Wells Fargo representative who, again, informed Plaintiff that she

---

[2] In the Second Amended Complaint, Plaintiff asked the Court to dismiss her previous claims against Southern Trust Mortgage Company, Inc., Dennis Sullivan, Village Settlements, Inc., and Mid-Atlantic Builders of Beechtree Inc., because the statute of limitations may have expired on her claims against those Defendants. ECF No. 55 ¶ 1. The docket has been updated to reflect termination of those parties. Thus, Defendant Mid-Atlantic Builders of Beechtree, Inc.'s Motion to Dismiss, ECF No. 56, is denied as moot.

only qualified for a "piggy back" loan modification and that she did not qualify for a government backed mortgage modification. *Id.* ¶¶ 39–41. Plaintiff filed for bankruptcy in October 2013 and then again in March 2014. *Id.* ¶ 37. Both bankruptcy claims were dismissed because Plaintiff was not able to make the monthly payments to the bankruptcy trustee. *Id.* ¶ 37. Plaintiff now alleges damages including damaged credit, legal fees, severe insomnia, anxiety, and sleeplessness. *Id.* ¶ 45.

In her Second Amended Complaint, Plaintiff alleges that Defendants violated the Equal Credit Opportunity Act ("ECOA") and multiple Maryland state laws, when it failed to respond to her loan modification applications. *Id.* ¶ 24. On February 4, 2016, Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint for failure to state a claim and Plaintiff's response to the Motion was due by February 22, 2016. ECF No. 57. To date, Plaintiff has not responded to the Motion.[3]

## II.   JURISDICTION

Federal courts are courts of limited jurisdiction that "may not exercise jurisdiction absent a statutory basis," *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005), and "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Under the "well-pleaded complaint" rule, the facts showing the existence of subject matter jurisdiction "must be affirmatively alleged in the complaint." *Pinkley, Inc. v. City of Frederick*, 191 F.3d 394, 399 (4th Cir. 1999) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178 (1936)). The Court must "presume, therefore, that a case lies outside its limited jurisdiction unless and until

---

[3] Thus, the Court could find that the motion is conceded. *See, e.g., White v. Walmart Stores, Inc.*, No. ELH-14-00031, 2014 U.S. Dist. WL 1369609, at *2 (D. Md. Apr. 4, 2014) ("In light of the plaintiff's failure to oppose the Motion, I can only assume that plaintiff concedes that her Complaint is deficient for the reasons stated by defendant."). Nonetheless, the Court will address the claims on its merits but with only the benefit of Defendants'' arguments.

jurisdiction has been shown to be proper." *United States v. Poole*, 531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)).

This case originated in the Circuit Court for Prince George's County and was removed to this Court on April 16, 2015 based on federal question jurisdiction. ECF No. 1. In Count I, Plaintiff asks the Court for injunctive relief to prevent the sale of her home. ECF No. 55 ¶ 47. The Plaintiff's federal question is found in Count II, violation of the Equal Credit Opportunity Act as defined by 15 U.S.C. § 1691(d)(1)–(2). ECF No. 55 ¶¶ 59–75. The additional counts, including violation of the Maryland Consumer Debt Collection Act (Count III), violation of Maryland's Consumer Protection Act (Count IV), and violation of Maryland Mortgage Fraud Protection Act (Count V), arise under Maryland state law. ECF No. 57 at 21–24. The Court can exercise supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. § 1367(a).

III.    **STANDARD OF REVIEW**

Federal Rule of Civil Procedure ("Rule") 12(b)(6) permits a defendant to present a motion to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)(citation omitted); *see also Conn. Gen. Life Ins. Co. v. Advanced Surgery Ctr. of Bethesda, LLC*, No. DKC 14-2376, 2015 U.S. Dist. LEXIS 91689, at *13 (D. Md. July 15, 2015) ("At this stage, all well-pled allegations in a complaint must be considered as true and all factual allegations must be construed in the light most favorable to the plaintiff."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the

4

reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When assessing a motion to dismiss, courts refer to the pleading requirements of Rule 8(a)(2) to determine if the complaint adequately states a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554–55 (2007). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A well-pleaded complaint may proceed even if the "actual proof of those facts is improbable and recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted). For a motion to dismiss, courts are required to assess "the sufficiency of the complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006).

However, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3. That showing must consist of more than "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678. "In evaluating the complaint, unsupported legal allegations need not be accepted." *Revene v. Charles Cty. Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989). Similarly, "[l]egal conclusions couched as factual allegations are insufficient as are conclusory factual allegations devoid of any reference to actual events." *Conn. Gen. Life Ins. Co.*, 2015 U.S. Dist. LEXIS 91689 at *13–14 (internal citations omitted). If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the complaint has not shown "that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679.

Courts are generally not allowed "to consider matters outside the pleadings or resolve factual disputes when ruling on a motion to dismiss." *Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007). "However, there are limited circumstances in which the court may consider extrinsic documents in the context of a motion to dismiss," including "documents 'attached to the complaint, as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic.'" *Philips v. Pitt. Cty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009).

## IV.   DISCUSSION

### A.  Federal Claim - 15 U.S.C. § 1691(d) (Count II)

Plaintiffs have alleged that Defendants have violated the Equal Credit Opportunity Act ("ECOA"). ECF No. 55 ¶¶ 59-75.The ECOA, as implemented by 12 CFR § 202 *et seq.*, contains certain procedures a creditor must use in processing an application for credit, and provides, in relevant part, that when adverse action is taken on a loan application, notice must be provided. *See* 15 U.S.C. § 1691(d)(1)–(2) (2012). Plaintiff alleges that Wells Fargo violated Subsection 1691(d)(1) when it failed to provide notice of its action within 30 days of receipt of a completed application for credit, and violated Subsection 1691(d)(2) when it failed to send an adverse action notice with an accompanying statement of reasons. ECF No. 55 ¶ 72. Subsections (d)(1) and (d)(2) impose distinct requirements on creditors and are evaluated separately below. *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC 11-3758, 2013 WL 247549, at *6 (D. Md. Jan. 22, 2013).

#### 1. 15 U.S.C. § 1691(d)(1)

Wells Fargo argues that Plaintiff failed to plead sufficient facts to support a claim under Subsection 1691(d)(1) or, alternatively, that Plaintiff admits to having received a response to her

applications. ECF No. 57 at 13. Subsection 1691(d)(1) provides that "[w]ithin 30 days (or such longer reasonable time as specified in regulations of the Board for any class of credit transaction) after receipt of a completed application for credit, a creditor shall notify the applicant of its action on the application." *See* 15 U.S.C. § 1691(d)(1). Pursuant to the relevant regulation, a "completed application" is one in which the creditor has "received all the information that the creditor usually obtains and considers in evaluating applications for the amount and type of credit requested." 12 C.F.R. § 202.2(f). But this Court has made clear that creditors have an obligation to respond even to incomplete applications within thirty days after receiving the application regarding matters that an applicant can complete, and "shall notify the applicant either: (i) Of action taken . . . ; or (ii) Of the incompleteness." *See Coulibaly v. J.P. Morgan Chase Bank, N.A.*, No. DKC 10-3517, 2011 WL 3476994, at *17 (D. Md. Aug. 8, 2011) (citing 12 C.F.R. § 202.9(c)).

In Plaintiff's Second Amended Complaint, Plaintiff alleges she submitted approximately twenty-six completed applications for loan modifications to Wells Fargo. ECF No. 55 ¶ 31. The Plaintiff provides dates for ten of the twenty-six applications: April 19, 2012, October 17, 2012, November 1, 2012, February 19, 2013, September 23, 2013, March 10, 2014, August 15, 2014, September 14, 2014, October 7, 2014, and October 14, 2014. *Id.* ¶¶ 34, 35, 38. Plaintiff acknowledges that Defendants responded to two of her twenty-six applications; on February 28, 2012 and December 18, 2014. *Id.* Under Subsection 1691(d)(1), Wells Fargo was obligated to respond to each one of the Plaintiff's completed loan modification applications within thirty days of receipt. Plaintiff alleges that Defendants failed to respond. Thus, Plaintiff has stated a claim under § 1691(d)(1).

7

2. 15 U.S.C. § 1691(d)(2)

Plaintiff argues Wells Fargo violated Section 1691(d)(2) when it "failed to provide

Plaintiff with a specific, truthful statement of written reasons for the adverse action taken" on her

completed loan modification applications. ECF No. 55 at ¶ 71. In response, Wells Fargo argues

that Fowler's claim fails under 15 U.S.C. § 1691(d)(2) because the denial of her loan

modification requests did not constitute an "adverse action." ECF No. 57 at 13. Wells Fargo is

correct.

Section 1691(d)(2) states that "[e]ach applicant against whom adverse action is taken

shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. §

1691(d)(2). In order to state a claim under Section 1691(d)(2), a plaintiff must allege that (1) the

creditor took an adverse action on his application and (2) the creditor provided an insufficient

explanation for that action. *See Coulibaly*, 2011 WL 3476994, at \*16–17. The term "adverse

action" includes a refusal to grant credit in substantially the amount or on substantially the terms

requested in an application unless the creditor makes a counteroffer and the applicant uses or

expressly accepts the credit offered. 12 C.F.R. §202.2(c)(1)(i). The ECOA expressly provides

that "adverse action . . . does not include a refusal to extend additional credit under an existing

credit arrangement were the applicant is delinquent or otherwise in default." 15 U.S.C. §

1691(d)(6); *see Casey v. Litton Loan Servicing LP*, No. RDB-11-0787, 2012 WL 502886, at \*6

(D. Md. Feb. 14, 2012) (finding plaintiff's ECOA claim failed because plaintiff was already in

default when requesting loan modification). The default status of a consumer is determined at the

time the creditor takes action with respect to the consumer, rather than at the time the consumer

applies for credit. *Piotrowski v. Wells Fargo Bank, N.A.*, No. DKC 11-3758, 2013 WL 247549,

at \*7 (D. Md. Jan. 22, 2013) (citations omitted).

8

Here, Plaintiff admits she was delinquent on her mortgage payments prior to submitting any loan modification applications to Wells Fargo. ECF No. 55 ¶ 31. Therefore, Wells Fargo's failure to provide an adverse action notification with a statement of reasons was not a violation of Subsection 1691(d)(2) because Plaintiff was admittedly delinquent when Wells Fargo took action on her applications. Because a creditor need not provide an adverse action notification when it denies a loan modification request by a delinquent borrower, *Piotrowski*, 2013 WL 247549, at *8; *Casey*, 2012 WL 502886, at *6,  the Court dismisses Plaintiff's § 1691(d)(2) claim.

### B.  State Law Claims (Counts III, IV,V)

1. <u>Maryland Consumer Debt Collection Act (Count III)</u>

Plaintiff alleges that Defendants violated the Maryland Consumer Debt Collection Act ("MCDCA"). ECF No. 55 ¶¶ 76-83. The MCDCA "prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt." *Stovall v. Suntrust Mortgage, Inc.,* No. RDB-10-2836, 2011 WL 4402680, at *9 (D. Md. September 20, 2011). Specifically, it states that a person who is collecting or attempting to collect a consumer debt may not "claim, attempt, or threaten to enforce a right with knowledge that the right does not exist." MD. CODE ANN., COM. LAW § 14-202(8). "This has been held to mean that a party may not attempt to enforce a right with actual knowledge or with reckless disregard as to the falsity of the existence of the right." *Kouabo v. Chevy Chase Bank, F.S.B.,* 336 F.Supp.2d 471, 475 (D.Md. 2004) (citing *Spencer v. Henderson-Webb, Inc.*, 81 F.Supp.2d 582 (D.Md. 1999)).

Here, Plaintiff argues that "the right to foreclose arose from the original mortgage itself, but that right is extinguished because the mortgage itself was a product of an illegal credit

9

extension, as described herein . . ." ECF No. 55 ¶ 81. But as Defendants correctly note,

Plaintiff's allegation contains an acknowledgement that Defendants had the "right to foreclose."

Thus, notwithstanding any other claims Plaintiff may have, Plaintiff has not alleged a claim

under the MCDCA. *See Stovall,* 2011 WL 4402680, at *9 (dismissing MCDCA claim where

"even assuming [defendant] did not abide by HAMP's guidelines, and that [trustees] filed

improper foreclosure documents, [defendant's] *right* to foreclose came about when Stovall

defaulted on her mortgage.") (emphasis in original). Defendant's Motion to Dismiss the

MCDCA claim is granted.

### 2.  Maryland's Consumer Protection Act (Count IV)

Plaintiff also claims that the Defendants violated Maryland's Consumer Protection Act

("MCPA"). ECF No. 55 ¶¶ 84-91. The MCPA prohibits fourteen categories of "unfair or

deceptive trade practices." MD. CODE ANN., COM. LAW § 13-301. "Because the plaintiffs'

MCPA claim sounds in fraud, it is subject to the heightened pleading standards of Federal Rule

of Civil Procedure 9(b)." *Allen v. CitiMortgage, Inc.,* No. CCB-10-2740, 2011 WL 3425665, at

*9 (D.Md. August 4, 2011). Rule 9(b) requires the plaintiff to plead "with particularity the

circumstances constituting fraud." Fed.R.Civ.P. 9(b). This includes "the time, place, and contents

of . . . false representations, as well as the identity of the person making the misrepresentation

and what he obtained thereby." *Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776,

784 (4th Cir. 1999) (quoting 5 Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. §

1297 (2d ed. 1990)). A failure to comply with this rule warrants dismissal under Rule 12(b)(6).

*Id.*

Here, although Plaintiff makes various conclusory references to the Defendants'

"schemes," and occasionally does so using inflammatory language, Plaintiff's Second Amended

Complaint does little more than take issue with the fact that Plaintiff did not receive the loan modifications to which she believed she was entitled. Having failed to make the particularized allegations required by Rule 9(b), Plaintiff's MCPA claim fails to state a claim and Defendants' Motion to Dismiss this claim is granted.

### 3.   Maryland Mortgage Fraud Protection Act (Count V)

Finally, Plaintiff alleges a violation of the Maryland Mortgage Fraud Protection Act ("MMFPA"). ECF No. 55 ¶¶ 92-104. Although more specifically delineated in the statute, "in its broadest sense, the statute simply states '[a] person may not commit mortgage fraud.'" *Stovall*, 2011 WL 44022680, at *9 (citing MD. CODE ANN., REAL PROP. § 7-402). Curiously, in the Second Amended Complaint, the only "misstatement" Plaintiff appears to rely on for this claim is that Defendant "fail[ed] to respond to Plaintiff's requests for a modification or change of her mortgage loans." ECF No. 55 ¶ 100. It is unclear how this allegation suggests a deliberate misstatement, misrepresentation or omission sufficient to establish a claim under MMFPA and Plaintiff has not submitted an opposition to the Motion to Dismiss to explain. Thus, Defendants' Motion to Dismiss this count is granted.[4]

---

[4] Defendants' Motion raises a variety of additional issues that the Court need not address in any detail. First, to the extent that the Second Amended Complaint could be read as a request for a preliminary injunction, the appropriate vehicle would be to file a Motion for Preliminary Injunction, which this Court has already rejected in this case. Thus, the Court will not address the Defendants' Motion to Dismiss this "claim." Second, to the extent Defendants ask the Court to rule that additional claims are time-barred, ECF No. 57 at 22-26, Plaintiff concedes as much in the Second Amended Complaint and acknowledges that these allegations are in the Second Amended Complaint only as context for remaining claims, ECF No. 55 at 1 n. 1.

## V.      CONCLUSION

For the reasons stated above, the Court will grant in part and deny in part Defendants'

Motion to Dismiss. Count II (15 U.S.C. § 1691(d)(1)–(d)(2)), will be dismissed as to the claimed

violation of § 1691(d)(2) only. The state law claims (Counts III, IV, and V) are dismissed. A

separate Order follows.


Dated: September 29, 2016

GEORGE J. HAZEL
United States District Judge

12